Good morning, Your Honors. I'd like to reserve three minutes for rebuttal, if I may. May it please the Court, I am Eric Allen Isaacson. I am a member of the Bar of this Court, but am appearing pro se in this case as a class member who objected to the settlement below and took an appeal. From the letter that you sent asking us to focus, the first issue I guess I need to address is appealability of the orders with respect to sealing of the record. I think that the rule is, under the collateral order doctrine, that a order is final and immediately appealable if it conclusively determines the disputed question, resolves an important issue completely separate from the merits, and is effectively unreviewable on appeal from a final judgment. Now, an order, I mean, the context of the orders I'm sealing in this case is that they were in response to a motion that I filed for leave to intervene in order to unseal the record. Right. An intervention was granted and the motion... Intervention was granted. And then on the merits, your motion was denied. Now, under our precedent, wouldn't you have had the ability to take an immediate appeal of that order? If... Under the collateral order. I don't think so. I mean, a order that denies a motion to intervene as a matter of right is immediately appealable. The Supreme Court has held since even before it articulated the collateral order doctrine. But the sealing order, would that have been appealable under the collateral order? I don't think so, Your Honor, because the sealing order was in the context of, well, for one thing, the court kept the documents sealed. The case law is clear that if an order requires materials to be unsealed so that they become public, because the bell can't be unrung. Once something's made public, it's public. Mr. Isaacson, I think that's maybe a good argument as a matter of first impression, but that ship has sailed under our cases. We've said repeatedly that orders sealing or unsealing are collateral orders. I take your 28-J this morning to point to Center for Auto Safety, that intervention might have had something to do with that, but that's not... We don't say anything about that there. We say simply that we have jurisdiction because an order to seal or unseal or seal documents is appealable. The facts of that case were that there were both a motion to intervene, which was denied, and it was a motion to intervene to unseal the materials. But the holding of the case seems to be what's binding us here. Well, the holding of the case is, I think, ambiguous, because it was a final order in that case in that the court, in saying that you cannot intervene to unseal these documents, is on the intervention motion, dealing with an order that's immediately appealable. And the whole purpose of the intervention was to unseal the documents. So the court first addressed the unsealing of the documents. I think that's materially different from a case where you've got somebody who is a party to the case, which I am now, once the case, once the motion to intervene was granted. And the order is one that is dealing with issues that are going to the motion for settlement approval, which is going to be coming up, and it ought to merge into logic. But a lot of these details, at least as I take, correct me if I'm wrong, but as I take our collateral order doctrine, we kind of approach it kind of jot for jot as a matter of clarity, is that once we say that an order is collateral, it's always going to be collateral. No matter the posture, no matter the other facts there, we just take it as collateral. This was an order that fit the box that we've described as collateral in the past. So it's collateral. You know, an order on a motion to intervene is collateral if it's collateral and appealable if it's denied and not collateral and appealable if it's granted. Is there any way that this could, I know with interlocutory orders, there's a way that they merge into the judgment. We have cases in terms of denial of qualified immunity, where somehow there might be a merger because eventually the merits will arise again. And in your case, I see your point there, making that these merits are connected in this particular order to unseal. Does that have any application here in the collateral order context? Yeah, I think it does in the context of this case and these issues. I also think it's important to note. Well, where are we held that with respect to a collateral order that it can come back around and we have a chance to review it at the back end after a final judgment? I think one of the cases in your focus letter actually said that. It was a context of collateral order and the usual rule was applied to it. How does this, how does the order denying the request to unseal merge into the final judgment? How would a reversal on the order with respect to unsealing cause the judgment to be set aside? Could you say that again, Your Honor? How does it merge into the final judgment? An order doesn't merge into the final judgment unless it contributes something to it or creates a ground for setting it aside. How does the sealing order, suppose we agree with you that it should have been unsealed. How does that disturb the final judgment and require setting it aside? I think it requires the final judgment to be set aside because important information was sealed from the public and from class members unless they contacted class counsel and class counsel told them, well, you can see it if you sign a protective order and they signed the protective order. Now, I'm not willing to sign a protective order because I think that the sealing order in this case is unlawful. I'm not going to participate in the unsealing. I think that the settlement approval has to be reversed as well, Your Honor. So on the settlement approval, when you filed objections, the district court had made a preliminary determination with respect to the elements of Rule 23 pertinent to class certification. You then filed objections and as I understand it, and correct me if I'm wrong, the only objection you raised was adequacy. But then now on appeal, you're saying the district court didn't do a sufficient analysis on all these various elements of Rule 23. Do I have that correct? Well, I think that my objection covered a number of things, including the question of sealing, that you can't be... Oh, no. You had many objections, but I'm saying with respect to whether the elements of Rule 23 were satisfied to certify a class, the only objection you raised to that issue was adequacy. I focused on adequacy. Yes, that's true. I did not anticipate... Then how did you preserve any objection to the adequacy, so to speak, of the district court's analysis of the class certification issue? Well, I expected that the district court was going to follow the law and would do the findings that are required. It has an independent duty to do that. Are you saying that it's not permissible in a final approval of the class settlement and class certification to essentially refer back to an earlier ruling that you made that has more detailed analysis and say, I don't find grounds and that's reaffirmed? Is that inadequate? You have to do all the bells and whistles and dot the I's and cross the T's in the final order? Well, in this case, there was no rigorous analysis in the preliminary order. But you didn't object to that. See, if you had raised all the points you're raising now to the preliminary order, it might have gotten fixed in the final order. But essentially, you raised one ground and now you're coming up here and you say, I get to raise all these grounds, even though all your objections you now say are equally applicable to the earlier order. It's not objectionable that a preliminary order is far more cursory than a final class certification order. So there was not something for me to object to in terms of the court not having done the rigorous analysis. That was something that was required to do at final certification. But the rule requires for the preliminary certification and for sending out the notice to the class that sufficient information be presented so that the court knows that it is likely that class certification will be met. That's why we see a preliminary analysis in the order, as you see in all of these cases. And if you thought that the analysis was deficient, then as an objector, it was incumbent upon you to say in what respects it was. And you're now raising objections that you have conceded were equally applicable to the prior order. Well, they were applicable to the prior order if a rigorous analysis had been required at the preliminary stage. I don't believe the president support that. The Sixth Circuit's opinion in Wayside Church addresses this issue, I think, very effectively. OK, we took you over with questions. So I'm going to give you your three minutes for rebuttal. OK. All right. Thank you very much, Your Honor. We will hear first from Mr. Robb. OK. Good morning, Your Honors. May it please the Court. Stephen Robb on behalf of Plaintiffs Appellees. Mr. Isaacson's arguments are largely academic and serve no purpose other than to delay the settlement rather than to improve it. With respect to the focus questions, those are largely in the area that defendants will address to this Court. However, there are two aspects of it that I do want to address, and those are whether under the collateral order doctrine, the unsealing order decided a question separate from the merits, and then whether it merged into the judgment. I think those are related. And I want to emphasize the distinction between Mr. Isaacson's argument on the one hand, that the public was entitled to full access to all information in the documents filed with the Court, and on the other hand, his argument that class members needed certain information related to the settlement on an unfettered basis, that they could not have to sign a protective order, and that it was an abuse of discretion for the District Court to balance the interests in the way that it did. Because those issues are separate, that supports the finding of a collateral order. Public access is very different from class members' ability to evaluate whether to participate in a settlement or whether to opt out. The information that he was seeking was not helpful to class members in the process of doing so. Mr. Isaacson himself knew enough to be able to submit a claim. If any class member were interested... Well, I mean, this case, it's interesting because we have two very similar cases involving similar practices, different defendants. The level of sealing in this case is a lot higher than in the other case. And his argument, as I understand it, is that I shouldn't have had any conditions on my access to this information. The conditions were placed on it. Therefore, I didn't have that information, and having it might provide additional grounds for challenging the settlement, and therefore grounds for disturbing the settlement, and so it merges. Why is that argument wrong? For one, I believe he has forfeited that argument. Mr. Isaacson is fully capable of signing a protective order to access the information for purposes related to the settlement evaluation. Suppose he thinks that requiring him to sign the protective order is unlawful. That's exactly what he just said. Correct. But he is not the sole arbiter. I know, but he forfeits that objection if he signs the protective order. Then he can't present that argument. I do not believe he does. I believe he can still go to the district court, as he did, filing both an objection and a motion to unseal separately. He can still request that the court order unsealing of whatever information he wishes, and that would effectively relieve him from the protective order, and at the same time request relief from the protective order. He can do both of those things. You think if he signed the protective order and saw the information, then he could request further unsealing, and therefore he hasn't preserved the issue? Correct. I do not think he waives all of his arguments to public access or to his right to publish the information, because that is ultimately what he wants to do. He is not interested in this information to evaluate the settlement. So let me ask you about the class settlement approval. So as I understand it, in this case, there was a hearing in connection with the preliminary approval, but no hearing with respect to final approval. It was just done on the papers. Is that correct? That is not correct. There was a final approval hearing in October at which Mr. Isaacson appeared, but the court carried it over. I see. Because it wanted further information. And again, this goes against the idea that the... So there was a final one, but then there was a further issue that trailed, and then that was submitted without further hearing. Correct. And the court signaled that the court was likely to do that and invited both sides to submit further papers. Mr. Isaacson argues he wasn't allowed to present oral argument, but he had presented full arguments through his attorneys and was invited to continue to do so after that hearing having heard. Mr. Robert, where would we find the rigorous analysis that we've required for 23B3 predominance factors? So rigorous analysis has to take into account the context of settlement. It does not equate to extensive written discussion of every particular issue. Both the Supreme Court and the Ninth Circuit have framed it as the duty to pay heightened attention to ensure that class definitions are not overbroad, that they're sufficiently unified. This is pretty thin. It's one sentence in the final order and a handful of sentences in the preliminary order. I mean, that's it. Correct. That's a rigorous analysis? Well, in the record, it reflects that the court paid attention to the issues that are required to certify a class for settlement. First, we're in a case where a class was certified. The court spent extensive analysis certifying a California class. But that doesn't help with the predominance, the key predominance issue here, the differences or the potential differences between the Washington and California classes. Right. Well, the question becomes when you expand the class to include Washington purchasers, what changes? And the court took extensive review of everything we presented about. But how do we know that? Yeah. Where in the record is that, counsel? When the court issued its inquiries, it wanted class counsel to specifically address those issues. And we did both at the argument, went through all the uniformity, and then again in writing. Do you have sites to those? We can pull them from the record. So the inquiries for the hearing are at 1 ER 66. The discussion at the hearing orally is at the record 36 to 37. The supplemental written submission is at 2 ER 268 to 69. So how would you distinguish? So we have a couple of cases. We have the Hanlon case, which would invite us to take a look at it on our own. But subsequently, we've got the Maza case in particular, where you have two different jurisdictions. Really a raft of a half dozen cases in the last decade or so where we have asked district courts to be a little more fulsome in their rigorous analysis. How do we square this? Correct, Your Honor. I think the key is, was there an abuse of discretion here? Well, all of those are abuse of discretion. We've been in yet still a lot of cases recently.  And still, there is lots of evidence of the diligence that the district court paid attention to these issues. We agree that there's not a lot of analysis in the final approval order. It's very brief. But the record completely supports the court's findings. Even to this date, Mr. Isaacson has not identified any conflict between California and Washington law. He just tries to pretend that the burden is on us to prove that there's no possibility that a Washington court and a California court in the future could come out differently on the disputed issues that were in play. Can I ask a question about this injunctive relief issue? Did the settlement provide for entry of an injunctive order? Or did it just have a contractual promise that certain things would be done? I think it's the latter, Your Honor. It was never that the district court was going to enter a formal injunction order that says you are enjoined hereby from doing X, Y, and Z. Correct. We did not request that. The court did not order that. Certain things. Now, maybe it could be enforced as a breach of the settlement agreement. If you didn't do those things, perhaps. Perhaps, yes. But there's no court order specifying conditions on defendant that you must do such and such. So I do not think injunctive relief is even at issue. It is just a change practice that defendants made in the course of the case and in conjunction with settlement. Are there any further questions, Your Honor? All right. Thank you, counsel. Okay. So we'll hear now from Mr. Powers. Thank you, and may it please the court. I want to cover a couple of things today. And before I get to the court's questions about appealability and jurisdiction, I want to just briefly address the merits of the sealing issue or the sealing motion below and the unsealing motion. And this comes up in the papers, but I really want to reinforce the point that the argument that Judge Thompson applied the incorrect standard to the sealing orders should just be rejected out of hand. We cited the correct compelling interest standard in our papers. The vast majority of her sealing orders use compelling or some similar language. And she was not simply rubber stamping these. The judge was going through each of the items we were asking to seal. Many of them were rejected. Many of the orders were partial. We had to ask for reconsideration on some. And so this was not a situation where the court was just rubber stamping it. She was paying careful attention to both what we were trying to seal and the rationale for sealing it. It is, though, I mean, the sealing is much more extensive in this case than in the identical case we're about to hear. And it is kind of striking. Well, I can't speak to that, Your Honor. I can only speak to the information that the plaintiffs and the defendants tried to use in the case below. There were portions of it that were competitively sensitive and required sealing. I don't know the balance. I don't. We, of course, can see the sealed and unsealed and compare them. And our standard of review on the individual choices that the district court made is abuse of discretion. Correct. It's abuse of discretion. And I obviously can't see the same information that the court can in the other case. But that's the only point I want to make on that before I move to the jurisdictional questions is that whatever standard we think she was applying the correct standard the whole time. But she was absolutely and explicitly applying the correct standard with respect to the motion to unseal. That's in the record at E1ER, page 62. She cited that standard, very explicitly applied it to all the attempt to unseal all this information and then walked through all the reasons she felt in her discretion were bases to keep those materials sealed. And so the question is whether that analysis under the correct standard was an abuse of  And we submit that there's no basis for that here. You address the jurisdictional issue. Why doesn't it merge? I think it doesn't merge. I think as counsel and I raise a jurisdictional was raising the other case. Correct. Correct. And so let me ask the answer the court's questions that the court issued last week. And I actually think it's the correct way to start is with the second question, which is whether it merged this issue, this interlocutory order merges and then is appealable from the final judgment. We think it doesn't. For all the reasons that counsel explained, the question of whether he drew a distinction actually said the public aspect part doesn't merge at all. Correct. But the other part he seemed to think maybe on a different footing. So how do you address that? I think the question as to whether to unseal the materials in the docket, I think, is a separate question as to whether that information should have been provided to the class. And so I agree. I don't think I think the question as to whether the information should have been provided to the class is preserved. I think I don't think that. But does it merge into the final judgment, the denial of the information to the class without signing the protected? So I will leave that to counsel to my to my friend. If it merges, it kind of I mean, under Langer, the collateral order issue seems irrelevant because Langer says, oddly enough, in the context of a collateral order appeal, even though it's supposed to be not appealable from the final judgment that you can appeal it from the final judgment if it merges, if it merges. If it merges. And let me put it this way. I don't see how unsealing this material could in any way affect the judgment itself. I think that piece clearly does not merge. And I'll leave it to counsel to deal with the question as to whether the other issue merges, whether the other decision merges. But I do think they're distinct. They're distinct. And then the question of, you know, could this have been so? So if it doesn't merge, we think it doesn't merge. Then then the mechanism to appeal it would have been the collateral order doctrine. And if the if whether or not you can meet the merits of the collateral order doctrine, that's the correct mechanism to challenge the the order denying the motion to unseal. And so we do we agree with the defendant appellate appellees in the Elgin D case that the current appeal on the unsealing issue is untimely. OK. All right. Thank you, counsel. Thank you. We'll hear rebuttal. Thank you, Your Honor. Langer versus Kaiser holds that a plaintiff's failure to previously pursue an immediately available appeal under the collateral order doctrine did not bar a later challenge on appeal from the final judgment. I mean, that's the normal rule in, you know, injunctive appeals under, you know, 1292. But it's really odd to say. I mean, in order to be a collateral order, it has to be not reviewable from the final judgment. And so if it satisfied the collateral order doctrine, then it shouldn't merge into the final judgment and be reviewable on it. It sort of seems contradictory. It does seem to be a contradiction here. But, you know, when it comes to a motion to intervene as a matter of right, if it's denied, it's typically immediately appealable. If it's granted, it is not, even if there are conditions on it. And the Supreme Court in the Stringfellow case held that where there was a motion to intervene as a right that was denied and a motion to intervene as a matter of permissive intervention, which was granted subject to some very draconian restrictions, that that was not immediately appealable. That the person, by having the motion to intervene granted, even with the draconian restrictions, could file an appeal after entry of final judgment challenging the order even on intervention as a right, which you'd ordinarily deal with like a collateral order for an immediate appeal. The rule for a collateral order doctrine appeal, if there is an order on sealing of documents that orders them unsealed, you can't correct that six months or a year or two years later on entry of final judgment because the record's unsealed. It's now public. If the material remains sealed, then you can, particularly if the person seeking unsealing is now a party to the action. We're standing to file a notice of appeal and to appeal it. It's an analogous logic, an analogous reasoning. And if you're going to hold that Kaiser is wrong, as a three-judge panel, I think Otonio v. Ward's Cove would require sua sponte convening in bank. I think that it's a situation— What does our gopher—so we revisited the anti-SLAPP questions in part adjacent to these issues on Bonk after Langer. Does that have any effect? I don't know, Your Honor. Okay, fair. I'm not familiar with the result in the— Can I ask you about the injunctive? Because you've said that they didn't have standing to pursue injunctive relief and that that raises an issue in this case because of the enhanced disclosures provision in the  But as counsel clarified, there actually is no injunction. It's a contractual promise. So why does that matter? Well, it's plainly prospective relief. Prospective relief in a settlement order or settlement agreement that the court has approved and retained jurisdiction to enforce. Is your position that if you don't have standing to seek injunctive relief, the settlement can't include promises of a non-monetary nature? I think that if there's no standing to pursue claims, they can't be included in the settlement. Even if they're not embodied in a district court or they just can't make contractual promises other than money. And it's something that's going to be enforced by a district court with the effect of an  But the difference is the difference between having something enforced as an injunction and having potentially a breach of contract claim for breach of a settlement agreement. Well, breach of contract claim for a settlement agreement, you'd ordinarily have to pursue in state court. This is not, you know, a case where you'd go to state court. This is a case where the district court has retained jurisdiction.  And that raises the question why it matters whether they had standing to seek an injunction because they're not getting an injunction. They're getting prospective relief by court order. They're getting a contractual promise to change their behavior, which they'll, as you say, they may have to enforce in state court. Well, any consent decree. It's not a consent decree. There's no consent decree in this case. But your honor, it is a element of prospective relief. The Supreme Court holds that you need to have separately established standing for each form of each claim in each form of relief in order to pursue it in federal court. I think that for a court to issue an order that is going to basically be imposing something amounts to prospective relief. They would need to show standing. Okay. All right. Thank you, counsel. All right. The case just argued will be submitted.
judges: COLLINS, JOHNSTONE, ALBA